*Case No. 209*

THOMPSON, COMMISSIONER, *v.* BRANYAN & PETERSON, INC.

In this case, the Commissioner claims that Branyan & Peterson, Inc., is liable to the State for the Use Tax levied by Act 487 of 1949 (§ 84-3101 Ark. Stats. Pocket Supplement), because of sales of merchandise made by Branyan & Peterson to residents of Arkansas. The facts were stipulated as follows:

"Plaintiff is a corporation organized under the laws of the State of Tennessee, engaged in the business of selling woodworking machinery at its place of business in Memphis. Plaintiff is not qualified to do business in Arkansas and does not maintain a place of business or warehouse in Arkansas. All of its sales of machinery to residents of Arkansas are made in the following manner:

"Plaintiff employs sales representatives who travel in Arkansas and solicit orders from residents thereof of certain machinery. If said offers be obtained, they are subject to acceptance by plaintiff in Memphis, Tennessee, and if so accepted the machinery is delivered by plaintiff to common carriers, f. o. b. Memphis, Tennessee, consigned to the Arkansas resident purchaser. The offer to purchase, the acceptance and delivery of the machinery to the common carrier is consummated in Memphis, Tennessee, where the consideration for the

purchase thereof is paid. No Tennessee Sales Tax is collected on said sales.''

The present case involves a Use Tax, just as was involved in *Miller* v. *Maryland,* 347 U. S. 340, 98 L. Ed. 744, 74 S. Ct. 535. We delayed our decision of this case until the Supreme Court of the United States decided the case of *Miller Bros.* v. *Maryland*; and after careful study of that opinion, we reach the conclusion that Branyan & Peterson, Inc. is liable to the State of Arkansas for the Use Tax in the case at bar, because of facts which distinguish this case from those in *Miller Bros.* v. *Maryland.*

It was stipulated in that case, as contained in Item 8 of the Appendix to the majority opinion, that Miller Bros. ''. . . does not have, nor has it ever had, any representative, agent, salesman, canvasser, or solicitor, operating in the State of Maryland for the purpose of selling or taking any orders for tangible personal property, or delivering the same''. And the opening sentence of the majority opinion says: ''Appellant is a Delaware merchandising corporation, which only sells directly to customers at its store in Wilmington, Delaware.''

In the case at bar, the stipulated facts show that Branyan & Peterson, Inc., employs sales representatives who travel in Arkansas and solicit orders in Arkansas; and we believe this use of traveling sales representatives is a substantial fact to differentiate the case at bar from the said holding of the Supreme Court of the United States. In *Miller Bros.* v. *Maryland,* we find this language in the majority opinion: ''If there is some jurisdictional fact or event to serve as a conductor, the reach of the State's taxing power may be carried to objects of taxation beyond its boundaries''. And in discussing the case of *General Trading Co.* v. *State Tax Comm.,* 322 U. S. 335, 88 L. Ed. 1309, 64 S. Ct. 1028, the writer of the majority opinion for the U. S. Court, in *Miller Bros.* v. *Maryland,* made these very pertinent remarks, in comparing the facts in General Trading Co. with the facts in *Miller Bros.* v. *Maryland*:

"That was the case of an out-of-state merchant entering the taxing state through traveling sales agents to conduct continuous local solicitation followed by delivery of ordered goods to the customers, the only nonlocal phase of the total sale being acceptance of the order. Probably, except for credit reasons, acceptance was a mere formality, since one hardly incurs the cost of soliciting orders to reject. The Court could properly approve the State's decision to regard such a rivalry with its local merchants as equivalent to being a local merchant. But there is a wide gulf between this type of active and aggressive operation within a taxing state and the occasional delivery of goods sold at an out-of-state store with no solicitation other than the incidental effects of general advertising. Here was no invasion or exploitation of the consumer market in Maryland. On the contrary, these sales resulted from purchasers traveling from Maryland to Delaware to exploit its less tax-burdened selling market."

Without attempting to meticulously point out other possible distinctions between the facts in *Miller Bros.* v. *Maryland* and the facts in the case at bar, we hold that the quoted language above is a recognition by the Supreme Court of the United States that the regular use of traveling salesmen in the taxing State makes the seller liable for the collection of the Use Tax of the taxing State.

We therefore reverse the decree of the Pulaski Chancery Court, and remand this cause, with directions that a decree be entered in favor of the Commissioner, in accordance with this opinion.